Eastern District of Kentucky
FILED

SEP 17 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 26-107-KKC-MAS

**DAIRION E. MORGAN**

* * * * *

**THE GRAND JURY CHARGES:**

**<u>COUNT 1</u>**
**18 U.S.C. § 922(g)(1)**

On or about May 29, 2026, in Fayette County, in the Eastern District of Kentucky,

**DAIRION E. MORGAN,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition, that is, Winchester 9mm ammunition, that was in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

**<u>COUNT 2</u>**
**18 U.S.C. § 922(g)(1)**

On or about June 3, 2026, in Fayette County, in the Eastern District of Kentucky,

**DAIRION E. MORGAN,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a Glock, Model 17, 9x19

caliber pistol bearing serial number DTS045US, and the firearm was in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1).

**COUNT 3**
**21 U.S.C. § 841(a)**

On or about June 3, 2026, in Fayette County, in the Eastern District of Kentucky,

**DAIRION E. MORGAN**

did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 4**
**21 U.S.C. § 841(a)**

On or about June 3, 2026, in Fayette County, in the Eastern District of Kentucky,

**DAIRION E. MORGAN**

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C.§ 841(a)(1).

**COUNT 5**
**18 U.S.C. § 924(c)(1)(A)**

On or about June 3, 2026, in Fayette County, in the Eastern District of Kentucky,

**DAIRION E. MORGAN**

did knowingly possess a firearm in furtherance of a drug trafficking crime, as charged in Counts 3 and 4 of this Indictment, for which he may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(c)(1)(A).

**21 U.S.C. § 851 ENHANCEMENT**

Before **DAIRION E. MORGAN** committed the offense charged in Count 3 of this Indictment, he had the following prior final conviction for a serious violent felony: Assault Under Extreme Emotional Disturbance, a conviction under Kentucky Revised Statute 508.040, by final judgment of the Fayette County Circuit Court, Case No. 11-CR-00537, for which he served more than 12 months of imprisonment for the offense.

**FORFEITURE ALLEGATION**
**18 U.S.C. § 924(d)**
**28 U.S.C. § 2461**
**21 U.S.C. § 853**

1. By virtue of the commission of the offenses alleged in this Indictment, **DAIRION E. MORGAN** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violations of 18 U.S.C. §§ 922 and 924 and 21 U.S.C. § 846. Any and all interests that **DAIRION E. MORGAN** have in this property are vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

2. By virtue of the commission of the felony offenses alleged in Counts 3 and 4 of the Indictment, **DAIRION E. MORGAN** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 846 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 846. Any and all interests that **DAIRION E. MORGAN** have in this property are vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

3. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**

a. Approximately $2,971 in U.S. currency seized from Dairion E. Morgan on or about May 21, 2026; and

**FIREARMS AND AMMUNITION:**

a. Glock, Model 17, 9X19 caliber pistol bearing serial number DTS045US; and
b. Assorted ammunition.

4. If any of the property listed above, as a result of any act or omission of the Defendants, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

[redacted]

JASON D. PARMAN
UNITED STATES ATTORNEY

AUBREY MCGUIRE GIROUARD
ASSISTANT UNITED STATES ATTORNEY

## PENALTIES

**COUNTS 1 & 2:** Not more than 15 years imprisonment, a $250,000 fine, and 3 years supervised release.

**COUNT 3:** Not less than 10 years imprisonment and not more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

**If one prior serious drug felony or serious violent felony conviction:** Not less than 15 years imprisonment and not more than life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

**COUNT 4:** Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

**COUNT 5:** Not less than 5 years imprisonment and not more than life imprisonment, consecutive to any other sentence, not more than a $250,000 fine, and not more than 5 years supervised release.

**PLUS:** Forfeiture of all listed property.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.